USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES,

                             Plaintiff,                    **21-MJ-09854 (KHP)**

            -against-                         **ORDER ON MOTION**

JESUS MANUEL BRITO,                    **FOR BAIL RECONSIDERATION**

                             Defendant.
------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      The Defendant, an American citizen, was arrested on October 19, 2021 and charged with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), one count of money laundering in violation of 18 U.S.C. § 1956(a), one count of narcotics conspiracy in violation of 21 U.S.C. § 846, and one count of bulk cash smuggling conspiracy in violation of 31 U.S.C. § 5322. Before this Court is Defendant's request for bail reconsideration. The Government opposes the request. For the reasons set forth below, Defendant's request is denied.

### BACKGROUND

      Defendant's presentment was held on October 20, 2021 before the Honorable Robert W. Lehrburger, where the government sought detention of the Defendant because he is dangerous and a flight risk. Judge Lehrburger noted the government's burden, given that this is a presumption case, to show that there are no set of conditions that can reasonably assure safety by clear and convincing evidence and Defendant's presence at future proceedings by a preponderance of the evidence. Defendant argued he was not a flight risk because he is an American citizen and has been living in the country since 1992. Defendants also offered to put

up a property as a bond, waive extradition and surrender his passport. Pursuant to 18 U.S.C. § 3142, the Court noted the seriousness of the nature and circumstances of the offenses, and the severe penalties, and determined that Defendant could be a high risk of flight given his ties to other countries, his access to vast quantities of cash, and his contacts in the airline industry. In finding that the Defendant did not meet the presumption, the Court concluded by clear and convincing evidence that there are no set of conditions that can reasonably assure the safety of the community.

On November 16, 2021, Defendant served a notice of motion for release on conditions pursuant to 18 U.S.C. § 3142(c) arguing that the presumption can be overcome because of the Defendant's length of residence and ties to the community, his lack of dangerousness and the weight of the evidence. The Defendant noted that he has no prior felony convictions, no history of violence, dangerousness or possession of weapons and his family and friends are willing to be signatories on his behalf. Additionally, Defendant suggests that there are conditions which will assure his appearance in court including posting of signatories, electronic monitoring, and surrender of his passport, including a waiver of all extradition rights. The Government submitted an opposition to the motion on December 17, 2021.

## LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, authorizes and sets forth the procedures for the release or detention of a person pending trial, sentence, and appeal. The procedures and standards for release or detention of a person such as Defendant pending trial are set forth at 18 U.S.C. § 3142. *United States v. Vasquez*, 113 F.3d 383, 388 (2d Cir. 1997). A defendant awaiting trial must be released unless the release will present a risk of flight or

dangerousness, or both, and no set of conditions can reasonably eliminate those risks. *See* 18 U.S.C. § 3142.

The factors that a court must consider in making this determination include the following: (1) the nature and circumstances of the charged offenses; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including such matters as the person's family ties, employment history, length of residence in the community, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of any risk of danger if the person is released. *See* 18 U.S.C. § 3142(g); *see also United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011).

Pursuant to 18 U.S.C. § 3142(f), the bail hearing may be reopened, "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required as the safety of any other person and the community." 18 U.S.C. § 3142(f).

## DISCUSSION

Defendant failed to adhere to the standard for reconsideration under 18 U.S.C. § 3142(f) and as a result did not provide any new information with which the Court can analyze Defendant's renewed bail application. The additional conditions Defendant suggests in his renewed application are no different than what was proposed at his original presentment before Judge Lehrbuger. Furthermore, none of the information presented in this renewed motion was not already known to the Defendant at the time of his first hearing in October.

Given that Defendant failed to proffer any new information that 'has a material bearing on the issue,' the Court denies Defendant's request. Accordingly, there is no basis to reopen the bail proceeding.

### CONCLUSION

For the above reasons, Defendant's application is denied without prejudice.

New York, New York
December 20, 2021

Katharine H. Parker
United States Magistrate Judge